**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| World Resorts International, LLC, a Nevada limited liability company,, | No. CV 12-00878-PHX-NVW |
| Plaintiff, | **ORDER** |
| vs. | |
| Interval International, Inc., a Florida corporation; Interval Leisure Group, Inc., a Delaware corporation; Trading Places International, LLC, a California limited liability company; Worldwide Vacation & Travel, Inc., a Florida corporation, | |
| Defendants. | |

Before the Court are Defendants' Motion to Dismiss Complaint with Prejudice (Doc. 16), Specially Appearing Defendant Interval Leisure Group, Inc.'s Motion to Dismiss Complaint for Lack of Personal Jurisdiction (Doc. 17), and Defendants' Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) (Doc. 18). Defendants move this Court to dismiss Plaintiff's action on the basis that it was filed in an improper forum, or, alternatively, for failure to state a plausible claim for relief. In the alternative to dismissal, Defendants request this case be transferred to the Central District of California as a more convenient forum.

Under 28 U.S.C. § 1404(a), "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." In order to determine whether a motion to transfer venue is appropriate, the Court considers factors, including:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000). While Plaintiff's choice of forum should be given deference, the "interest of justice factor is the most important of all." *Conte v. Ginsey Indus., Inc.*, 2012 WL 3095019 (D. Ariz. 2012) (quoting *Amazon.com v. Cendant Corp.*, 404 F.Supp.2d 1256, 1261 (W. D. Wash.2005)). Ultimately, the Court has the "discretion to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Jones*, 211 F.3d at 498.

Here, the relevant factors weigh largely in favor of transferring venue. First, the convenience of the parties and witnesses favors transfer to California: the majority of Defendants, many of the witnesses, and some of Plaintiff's members are all located in California. Because the pertinent witnesses are located mainly outside the subpoena power of the District of Arizona, transfer to California will facilitate the efficiency and fairness of this litigation. Further, California is the locus of the events and transactions underlying this litigation, and is the place where the majority of the meetings between the parties took place. Plaintiff appears to have selected Arizona as the forum for this lawsuit because its lawyer and two of its members are located here. This fact does not outweigh

the other compelling reasons justifying transfer of venue. The Court will therefore grant Defendants' motion to transfer venue.

Also pending is Defendant's motion to dismiss, which seeks dismissal of Plaintiff's complaint under Fed. R. Civ. P. 12(b)(3) for improper venue or, in the alternative, under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. Defendants' argument under Rule 12(b)(3) is misplaced, as removed cases are governed by 28 U.S.C. § 1441(a), not the general venue statute 28 U.S.C. § 1391. *See Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665 (1953) (noting venue in cases removed from state court is governed by 28 U.S.C. § 1441(a) rather than 28 U.S.C. § 1391). Defendants' motion for dismissal under Rule 12(b)(3) will therefore be denied (Doc. 16). In any event, the Court will grant Defendants' motion to transfer venue, obviating any concerns that Arizona is an improper venue for this action. Because the Court will grant Defendants' motion to transfer venue, it is more appropriate for the California court to decide Defendants' pending Rule 12(b)(6) motion to dismiss on the merits.

Finally, Specially Appearing Defendant Interval Leisure Group, Inc.'s Motion to Dismiss Complaint for Lack of Personal Jurisdiction (Doc. 17) is now moot. It will be denied without prejudice to refiling a motion challenging the California court's exercise of personal jurisdiction over it.

IT IS THEREFORE ORDERED that Defendants' Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) (Doc. 18) is granted. The Clerk is directed to transfer this case to the Central District of California.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss Complaint with Prejudice (Doc. 16) is denied as to the motion to dismiss under Fed. R. Civ. P. 12(b)(3) only.

IT IS FURTHER ORDERED that Specially Appearing Defendant Interval Leisure Group, Inc.'s Motion to Dismiss Complaint for Lack of Personal Jurisdiction (Doc. 17) is

- 4 -

1 denied without prejudice to refiling a motion challenging the California court's exercise
2 of personal jurisdiction over it.
3     Dated this 8th day of August, 2012.

_____
Neil V. Wake
United States District Judge